IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK M. NEFF | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-15-502 |
| WARDEN K. GREEN | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

Defendant Warden Kathleen Green filed a Motion to Dismiss or for Summary Judgment in response to the above-entitled civil rights complaint. ECF 17. Plaintiff opposes the motion (ECF 19) and Defendant filed a Reply (ECF 20). The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, Defendant's motion, construed as a Motion for Summary Judgment, will be GRANTED and judgment will be ENTERED in her favor.[1]

### Background

Plaintiff Frank Neff ("Neff") is a prisoner confined at Eastern Correctional Institution ("ECI"). He alleges that he was sexually assaulted by a correctional officer at ECI on January 14, 2015, at 11 p.m. ECF 1. Neff claims that Officer M. Smith asked to see his "private part to see how big it was." *Id*. at p. 3. The following day, Neff asserts Smith sexually assaulted him when Smith grabbed Neff's "private parts" through the slot in his cell door. *Id*. Neff asserts that sexual assault of an inmate is a crime and nothing was done about the assault committed against him. *Id*. As relief, Neff seeks monetary damages, good conduct credit, and ownership of the ECI complex. *Id*.

---

[1] Plaintiff's Motion to Dismiss all Court Charges (ECF 15) which appears to pertain to the filing fee in this case, shall be denied as moot in light of this Court's Order granting the Motion to Proceed in Forma Pauperis (ECF 5).

Defendant asserts she received a request slip from Neff on January 15, 2015, stating that on January 14, 2015, Officer M. Smith asked to see his "private parts." Neff further claimed that when he told Smith no, Smith used a racial slur against him. ECF 17, at Ex. 1, p. 12. Neff further alleged in the request slip that on January 15, 2015, at feed up time, Smith grabbed Neff's private parts through the slot. *Id*. Defendant states that Neff's request slip was sent through the regular mail and was received by her office on January 20, 2015. *Id*. at pp. 1, 5, 8, 16.

On January 23, 2015, a serious incident report was completed by Lieutenant John Milligan in response to Neff's allegations of sexual assault. *Id*. at p. 3. Smith was interviewed by Milligan and denied all of Neff's accusations. *Id*. at pp. 1, 5, 8, 14-16. Smith provided a written report or "Matter of Record" in which he explained that on January 14, 2015, he was assigned as the Housing Unit 5 Escort Officer. *Id*. at p. 15. Smith stated that during the timeframe indicated by Neff, he was at the front of the housing unit doing paper work and did not return to the tier until approx. 11:50 pm, almost one hour after Neff alleges the incident took place. *Id*.

On January 23, 2015, Neff was interviewed by Major Brian Irwin, whom he informed that he was "formally withdrawing his complaint by way of an Inmate Statement, and would like the matter dropped." *Id*. at pp. 1, 5, 8, 11, 16. Neff also completed a written statement indicating he wanted to withdraw his complaint against Smith. *Id*. at p. 11. Neff further stated he wanted to drop the whole matter and indicated he was satisfied with the way it had been handled. *Id*.

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact

is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (U.S. 2009); *Scott v. Harris*, 550 U.S. 372, 378 (2007).  However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial.  *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).  If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50.  On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).  This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences."  *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

**Analysis**

<u>Constitutional Claim</u>

An Eighth Amendment claim may be established where sexual abuse of a prisoner by a correctional officer is established.  *See Woodford v. Ngo,* 548 U.S. 81,118 (Breyer, J.,

dissenting) ("Accordingly, those inmates who are sexually assaulted by guards, or whose sexual assaults by other inmates are facilitated by guards, have suffered grave deprivations of their Eighth Amendment rights."); *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.") (internal citation omitted); *Schwenk v. Hartford,* 204 F.3d 1187, 1197 (9th Cir.2000) ("A sexual assault on an inmate by a guard—regardless of the gender of the guard or of the prisoner—is deeply 'offensive to human dignity.'") (citing *Felix v. McCarthy,* 939 F.2d 699, 702 (9th Cir.1991)); *Boddie v. Schnieder.* 105 F.3d 857, 861 (2d Cir.1997) ("Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims.").

Not every allegation of sexual abuse is objectively, sufficiently serious for the purpose of an Eighth Amendment claim. *See Wilkins v. Gaddy,* 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010) ("[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action."); *Boddie,* 105 F.3d at 861 ("[I]solated episodes of harassment and touching ... are despicable.... But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.") (citing *Farmer,* 511 U.S. at 833–34).

In the instant case, there is evidence that Plaintiff did not regard the alleged incident as objectively serious inasmuch as he withdrew his complaint regarding the incident and confirmed that he was satisfied with the manner in which his claim had been handled. ECF 17 at Ex. 1,p 11.. He does not assert here that he was coerced to withdraw the claim or was otherwise forced to abandon it. ECF 19. Examination of other claims raised in other jurisdictions found to state a claim reveal that the nature of the instant claim falls short of the seriousness required for an

Eighth Amendment claim. *See, e.g., Wood v. Beauclair,* 692 F.3d 1041, 1049–51 (9th Cir. 2012) (allegations that guard "stroked" prisoner's nude penis for a few seconds for guard's own gratification satisfied objective and subjective elements of Eighth Amendment claim); *Washington v. Hively,* 695 F .3d 641, 642 (7th Cir. 2012) (finding actionable constitutional claim based on detainee's allegation that a "guard spent five to seven seconds gratuitously fondling the plaintiff's testicles and penis through the plaintiff's clothing and then while strip searching him fondled his nude testicles for two or three seconds"); *Berry v. Oswalt,* 143 F.3d 1127, 1133 (8th Cir. 1998) (finding sufficient evidence to support an Eighth Amendment violation when guard attempted to perform non-routine pat down searches on female inmate, propositioned her for sex, intruded upon her when she was not fully dressed, and repeatedly made sexual comments to her); *Watson v. Jones,* 980 F.2d 1165, 1166 (8th Cir.1992) (allegations that guard performed invasive pat down searches almost daily for two months, in which guard conducted "a deliberate examination of the genital, anus, lower stomach and thigh areas," were sufficient to survive summary judgment on inmate's § 1983 claim).

Plaintiff's assertion that Defendant Warden Green did not process his claim properly (ECF 19) is belied by the record.  A Serious Incident Report was generated and the claim was investigated upon receipt of Plaintiff's request slip.  ECF 17 at Ex. 1.  Far from an attempt to cover up the allegation, Warden Green documented it, assigned staff to investigate it, and questioned the alleged offender.  *Id*.  On the record before the Court there is no basis for a finding of supervisory liability.  Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to

show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).  Defendant's response indicates Plaintiff's claim was taken seriously and investigated. Moreover, there is no allegation that Plaintiff was harmed as a result of Defendant's conduct.  To the contrary, Plaintiff withdrew his claim, stated he was satisfied with the investigation, and makes no claim that Smith continued in a course of similar conduct.  Defendant is entitled to summary judgment on the constitutional claim raised.

State law claims

Plaintiff's Opposition Response appears to assert that certain state laws were violated by Defendant Green.  ECF 19.  Defendant has filed a Reply addressing the claims and supplementing the record with relevant medical records prepared after Plaintiff reported the alleged assault to medical staff. ECF 20.  Specifically, Plaintiff alleges that Defendant violated "health abuse or neglect vulnerable adult" laws and lists various sections, presumably of the Heath General Article of the Maryland Annotated Code.[2]  ECF 19.

The provisions noted pertain to the abuse of a person with a developmental disability and requires the executive officer or administrative head of a state residential center to report the abuse promptly.  *See* Md. Code Ann., Health-Gen, §7-1005.  A "state residential center" as used in the statute refers to a place owned and operated by the state that provides residential services for persons with an intellectual disability. *See* Md. Code Ann., Health-Gen §7-101. The prison where Plaintiff is confined does not qualify as such a facility and Defendant Green is not required to follow the reporting requirements in those sections of the code.

---

[2] Plaintiff lists the following sections: 7-1005, 7-107, 10-705, 10-101, 10-705, 19 346, 19-347, and 19-301.

To the extent Plaintiff is attempting to invoke the supplemental jurisdiction of this Court for purposes of litigating a state-law claim, the claim shall be dismissed without prejudice. *See* 28 U.S.C. § 1367(c). When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, shall be GRANTED by separate Order which follows.

<u>August 6, 2015</u>        _____/s/_____
Date                                  RICHARD D. BENNETT
                                      UNITED STATES DISTRICT JUDGE